IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michelle A. Cox, | ) | C/A No. 4:12-189-RBH-KDW |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Southeastern Service Group and Williamsburg County Detention Center, | ) | |
| Defendants. | ) | |

Plaintiff Michelle A. Cox ("Plaintiff" or "Cox") brings this action against Defendants Southeastern Service Group ("SSG") and Williamsburg County Detention Center ("WCDC") for gender, race, and disability discrimination, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, as amended, and of 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) *et seq*. ECF No. 1. This case is before the court on the motion to dismiss of Defendant WCDC.[1] ECF No. 11.[2]

I. Standard of Review

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

---

[1] Defendant Southeastern Service Group ("SSG") has not made an appearance in this case and does not appear to have been served.

[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73.02(B)(2)(g), D.S.C. Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration.

Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

II.  WCDC's Motion to Dismiss Is Not In Proper Form

Although the court's docket contains an entry for WCDC's "Motion to Dismiss," ECF No. 11, the document filed is WCDC's "Answer to Plaintiff's Complaint and Motion to Dismiss." The same document is also docketed at ECF No. 10 as WCDC's "Answer."

Not atypical of answers in employment cases, WCDC's Answer includes numerous separately numbered defenses in addition to paragraph-by-paragraph responsive pleadings to each allegation in Plaintiff's Complaint. WCDC begins its Answer by pleading a "First Defense"

that baldly states that "Plaintiff's Complaint fails to state facts sufficient to state a cause of action as to [WCDC] and, therefore, Defendant WCDC is entitled to a dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the *South Carolina Rules of Civil Procedure* and/or Rule 12(b)(6) of the *Federal Rules of Civil Procedure*." Answer ¶ 1. Following its "Second Defense," which is a paragraph-by-paragraph response to Plaintiff's Complaint, WCDC then enumerates 23 additional "Defenses" to Plaintiff's Complaint. Defendant's Ninth Defense avers that "[t]he Complaint fails to state a cause of action for which relief can be granted." *Id.* ¶ 31. Other defenses relate to various issues, some of which are specific to employment cases. *See, e.g., id.* ¶¶ 25-30, 36-41, 44-47 (concerning Title VII, ADA, and Plaintiff's employment status). Other defenses are more general. *See, e.g., id.* ¶ 32 (asserting South Carolina Tort Claims Act ("SCTCA") bars and/or protects WCDC from liability); ¶ 42 (generally asserting claims barred by "the Statute of Limitations").

Nowhere in its Answer and Motion to Dismiss or elsewhere does WCDC include any detail regarding the bases for its seeking dismissal pursuant to Rule 12(b)(6). This court's Local Civil Rules set out specific requirements that motions such as WCDC's Motion to Dismiss be "timely filed with an accompanying supporting memorandum[.]:" Local Civ. Rule. 7.04, D.S.C. Local Civil Rule 7.05 requires that such supporting memoranda include details of the case and argument "relating to the matter before the Court for ruling with appropriate citations[.]" Local Civ. Rule 7.05(A).

Despite WCDC's lack of providing factual and/or legal argument in support of its motion, Plaintiff timely filed a responsive memorandum as required by Local Civil Rule 7.06. ECF No. 18. In her response, Plaintiff quotes WCDC's generic statement that the Complaint fails to state a cause of action and focuses a legal response on two of WCDC's allegations: (1) that no

employer/employee relationship existed between Plaintiff and WCDC; and (2) that S.C. Code Ann. § 15-78-60(5) of the SCTCA protects WCDC from liability. ECF No. 18. Although the Local Civil Rules permit a moving party to submit a memorandum in reply to the opposing party's response, Local Civil Rule 7.07, WCDC did not file one.

Without any elucidation by WCDC, the court cannot determine the reason it believes it is entitled to dismissal. WCDC's Motion to Dismiss should be denied without prejudice based on its failure to comply with Local Civil Rules 7.04 and 7.05. *See, e.g., Trexler v. Giese*, No. 3:09–144–CMC, 2010 WL 3218883, at *2 (D.S.C. Aug. 12, 2010) (adopting report and recommendation denying motion to dismiss for failure to comply with Local Civil Rule 7.04, D.S.C.); *see generally Roger Cleveland Golf Co., Inc. v. Price*, No. 2:09-2119-MBS, 2010 WL 5019260, at *3-4 (D.S.C. Dec. 3, 2010) (noting failure to comply with Local Civil Rules 7.04 and 7.05 was "reason alone" to deny motion for summary judgment and noting movant's failure to file reply was further indicative that material factual issues existed).

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that WCDC's Motion to Dismiss, ECF No. 11, be DENIED without prejudice.

IT IS SO RECOMMENDED.

July 20, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**